UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

MATTHEW BREDDER,

                              Plaintiff,

                -against-

THE CITY OF NEW YORK, NYPD CAPTAIN JULIO
DELGADO; NYPD OFFICER JUSTIN SCHIVEK; AND
NYPD MEMBERS JOHN AND JANE DOES 1-6,

                             Defendants.
------------------------------------------------------------------------- x

**MEMORANDUM OF LAW
IN SUPPORT OF
DEFENDANTS' MOTION TO
TRANSFER VENUE**
22-CV-4293 (VSB)

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO TRANSFER VENUE

### PRELIMINARY STATEMENT

        Plaintiff Matthew Bredder brings this action alleging violations of his constitutional rights.  Defendants City of New York, Captain Julio Delgado and Police Officer Justin Schivek respectfully submit this memorandum of law in support of their motion, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the United States District Court for the Eastern District of New York.

        This case should have been brought in the Eastern District –all of the alleged events which gave rise to plaintiff's claims occurred in Kings County.  Thus, the interest of justice in preventing forum shopping dictates that this matter be transferred to the Eastern District of New York.

### STATEMENT OF FACTS

        Plaintiff Matthew Bredder alleges, that on February 24, 2021, he was lawfully exercising his First Amendment rights while engaged in a protest in McCarren Park, Kings County,

when he was subjected to excessive force and false arrest by members of the New York City Police Department, including named defendants Captain Julio Delgado and Police Officer Justin Schivek. Complaint, dated May 25, 2022 ("Complaint"), ¶¶ 7, 9, 62, 75-83, 193, 200.  During the arrest, Plaintiff also claims that unidentified John and Jane Doe Officers applied overly tight zip-tie plastic handcuffs, causing permanent nerve damage to his right thumb.  Complaint, ¶¶ 79-84. Notably, Plaintiff does not contend that any part of the incident whatsoever occurred outside of Kings County.  Complaint, generally.

## ARGUMENT

### VENUE OF THIS ACTION
### IS PROPERLY LAID IN THE
### EASTERN DISTRICT OF NEW YORK

Defendant City brings this motion, pursuant to 28 U.S.C. § 1404(a), to transfer this action from the Southern District to the Eastern District of New York – the more suitable venue. Section 1404(a) provides, "[f]or the convenience of the parties and witness, in the interests of justice, a district court may transfer any civil action to any other district where it might have been brought."  28 U.S.C. § 1404(a).  Motions to transfer venue are governed by a two-part test: (1) whether the action to be transferred "might have been brought" in the transferee venue; and (2) whether the balance of convenience and justice favors transfer.  Baker v. Bennett, 942 F. Supp. 171, 175-76 (S.D.N.Y. 1996); Williams v. City of New York, No. 03 Civ. 5342, 2006 U.S. Dist. LEXIS 6470, at *5 (S.D.N.Y. Feb. 16, 2006).

Applying this test to the matter at bar, it is clear that the present action should have been brought in the Eastern District.  The balance of convenience and justice heavily favors the Eastern District.  Thus, the Court should grant defendants' motion and this case should be transferred to the Eastern District.

## POINT I

## THE INSTANT ACTION
## SHOULD HAVE BEEN BROUGHT IN
## THE EASTERN DISTRICT OF NEW YORK

The threshold question for any court considering a motion to transfer under § 1404(a) is whether the action might have been brought in the transferee district.  Grace v. Bank Leumi Trust Co., No. 02 Civ. 6612, 2004 U.S. Dist LEXIS 5294, at *6 (S.D.N.Y. Mar. 31, 2004).  "For the purposes of [§]1404(a), an action might have been brought in another forum if, at the time the action was originally filed, the transferee court would have had subject matter jurisdiction and personal jurisdiction over the defendants, and if venue would have been proper in the transferee court."  Id. (quoting Posven, C.A. v. Liberty Mut. Ins. Co., 303 F. Supp. 2d 391 (S.D.N.Y. 2004)).  First, just as this Court has subject matter jurisdiction over the instant action, so too does the Eastern District.  See 28 U.S.C. §§ 1331, 1343, 1367 and 42 U.S.C. §§ 1983, 1988.  Second, the Eastern District also has personal jurisdiction over all the defendants in this case.  See Grace, 2004 U.S. Dist. LEXIS, at * 7 ("The Court cannot divine a situation where the Southern District [of New York] would have personal jurisdiction [over a defendant] but the Eastern District [of New York] would not.").

Moreover, venue is proper – and, ultimately, more appropriate – in the Eastern District.  The United States Code, Title 28, § 1391(b) controls venue in this case.  McDonald v. Gen. Accident Insurance Co., 1996 U.S. Dist. LEXIS 15138, No. 96-CV-326, at *6 (N.D.N.Y. Oct. 7, 1996) ("[f]or claims under [42 U.S.C.] § 1983, 28 U.S.C. § 1391(b) governs venue").  Section 1391(b) provides, in pertinent part:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a

substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . .

28 U.S.C. § 1391(b). As indicated above, the individually named officer defendants who were involved in the underlying arrest performed their duties on the date of the incident in Kings County. See Cain v. N.Y. State Bd. Of Elections, 630 F. Supp. 221, 225 (E.D.N.Y. 1986) ("In a suit against a public agency or its officials, 'residence,' for venue purposes, is where the officials involved perform their duties."). Perhaps more significantly, all the events giving rise to plaintiff's claims occurred in Brooklyn. Complaint, ¶¶ 62-91.

Finally, pursuant to United States Code Title 28, Part I, Chapter 5. Sec. 112, the Eastern District of New York "comprises the counties of Kings, Nassau, Queens, Richmond, and Suffolk and concurrently with the Southern District, the waters within the counties of Bronx and New York." 28 U.S.C. § 112(c) (emphasis added). The Southern District of New York "comprises the counties of Bronx, Dutchess, New York, Orange, Putnam, Rockland, Sullivan, and Westchester and concurrently with the Eastern District, the waters within the Eastern District." 28 U.S.C. § 112(b). encompasses. Accordingly, venue of this action is properly laid in the Eastern District and this case should have been brought there.

## POINT II

## THE BALANCE OF CONVENIENCE
## AND JUSTICE FAVORS TRANSFER

Since this action might have been brought in the Eastern District "[r]esolution of a § 1404(a) motion lies 'within the broad discretion of the district court and [is] determined upon notions of convenience and fairness on a case-by-case basis.'" Amersham Pharmacia Biotech v. Perkin-Elmer Corp., 11 F. Supp. 2d 729, 730 (S.D.N.Y. 1998) (quoting In re Cuyahoga Equip.

Corp., 980 F.2d 110, 117 (2d Cir. 1992)).  In making this determination, courts generally consider

several factors, including

> (1) the convenience of witnesses; (2) the location of relevant
> documents and relative ease of access to sources of proof; (3) the
> convenience of the parties; (4) the locus of the operative facts; (5)
> the availability of process to compel the attendance of unwilling
> witnesses; (6) the relative means of the parties; (7) the forum's
> familiarity with the governing law; (8) the weight accorded the
> plaintiff's choice of forum; and (9) trial efficiency and the interests
> of justice, based on the totality of circumstances.

McCain v. Rahal Letterman Racing, LLC, 2007 U.S. Dist. LEXIS 63091, 10-11 (S.D.N.Y. Aug.

24, 2007) (quoting Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp., 11 F. Supp. 2d at

730).

When considering these factors, the Court has "considerable discretion in

adjudicating [the motion] according to an individualized, case-by-case consideration of

convenience and fairness." Bionx Implants, Inc. v. Biomet, Inc., No. 99 Civ. 740, 1999 U.S. Dist.

LEXIS 8031, at *3 (S.D.N.Y. May 27, 1999) (quoting In re Cuyahoga Equip. Corp., 980 F.2d at

117).  No individual factor is determinative, and a court has discretion to weigh each factor to

reach a fair result. See Pharm. Res., Inc. v. Alpharma USPD Inc., No. 02 Civ. 1015, 2002 U.S.

Dist. LEXIS 8549, at *5 (S.D.N.Y. May 13, 2002).

Application of these factors to the instant case favors transfer.  The second and

fourth factors, the location of relevant documents and relative ease of access to sources of proof,

and the locus of the operative facts, strongly favors the Eastern District.

It is undisputed that the alleged incident occurred in Kings County.  Complaint, ¶¶

62-91.  In fact, Plaintiff does not allege that any part of the underlying incident whatsoever

occurred outside of Kings County.  Id.  Upon information and belief, Plaintiff was arrested in

Williamsburg, Brooklyn, and transported for arrest processing to the New York City Police

Department's 75th Precinct, located at 1000 Sutter Avenue, Brooklyn, New York.  At the 75th Precinct, Plaintiff received a Desk Appearance Ticket, returnable to Kings County Criminal Court. Because Plaintiff's arrest was processed in Brooklyn, all the relevant police records, reports and other documentation of the alleged incident would be located within Brooklyn.  Likewise, the corresponding records related to the Desk Appearance Ticket maintained by the Kings County District Attorney's Office would also be maintained within Brooklyn.

The first and third factors also favor transfer. These factors, convenience of the parties and the witnesses are considered the "essential criteria under the venue statute." Baker v. Coughlin, No. 93 Civ. 1084, 1993 U.S. Dist. LEXIS 12445, at *12 (S.D.N.Y. Sept. 9, 1993) (quoting First City Fed. Sav. Bank v. Register, 677 F. Supp. 236, 237 (S.D.N.Y. 1988)).  Both of these factors, the convenience of the witnesses, and the parties, also favor the Eastern District: presumably, any witnesses, such as other police officers who may have witnessed the incident or civilians who may have been in the vicinity of the area in Brooklyn where the incident occurred, are located in Kings County.  While it cannot be said that it would be inconvenient for the plaintiff and individual police officer defendant and witnesses to appear in Manhattan, it would be more appropriate for the parties to appear in the Eastern District, which is in Brooklyn.  And even though "the Eastern and Southern District Courthouses are separated by only four subway stops," common sense dictates that a claim based on events which occurred in Brooklyn, should be heard in the Eastern District.[1]  Grace, 2004 U.S. Dist LEXIS at *10 (quoting Richardson v. City of New York, No. 87 Civ. 214, 1988 U.S. Dist LEXIS 16746, at *4 (S.D.N.Y. Oct. 14, 1988)).

---

[1] The proximity between the Southern and Eastern Districts also does not hinder efforts to transfer this action. While one court has found the distance between these two *fora* to be so small as to militate against transfer, see Coughlin v. Long I. R. Co., 1992 U.S. Dist. LEXIS 14766, at *7 (S.D.N.Y. 1992), other courts have found otherwise.  See Flaherty v. All Hampton Limousine, Inc., 2002 U.S. Dist. LEXIS 15171 (S.D.N.Y. 2002); see also Avemco Ins. Co. v. GSF Holding Corp., 1997 U.S. Dist. LEXIS 13716, at *20-21 (S.D.N.Y. 1997) (distance not a factor in granting transfer motion from plaintiff's chosen forum [S.D.N.Y.] to the defendant's choice [D.N.J.]).  Further, cases have routinely been transferred from the Southern to the Eastern District in identical circumstances.  See, e.g., Hasan v. The City of

The fifth, sixth, and seventh factors favor neither district.  It will be no more difficult –
and, most likely, even easier – to compel any unwilling witnesses to appear in the Eastern District.
Also, the means of the parties will not be affected if this action is transferred to the Eastern District,
and that court is equally familiar with the governing law.

Regarding to the eighth factor, while courts generally defer to the plaintiff's choice
of forum, "that choice is not absolute."  Grace, 2004 U.S. Dist. LEXIS 5294, at *10 (quoting
Keiffer v. E.F. Hutton, No. 83-Civ-6802, 1984 U.S. Dist. LEXIS 17441, at *10 (S.D.N.Y. Apr.
19, 1984)).  Indeed, plaintiff's choice of forum "is not entitled to the weight generally accorded
such a decision where there is lacking any material connection between the forum and the events
allegedly underlying the cause of action."  Cain, 630 F. Supp. 2d at 227; see also McCain v. Rahal
Letterman Racing, LLC, 2007 U.S. Dist. LEXIS 63091, at *11  (S.D.N.Y. Aug. 24, 2007) (stating
that where, as here, the plaintiff does not reside in the district where he brought the case and the
case has little to do with that district, plaintiff's choice of forum is entitled to less deference and is
not sufficient in itself to prevent transfer).  The instant action has no connection whatsoever to the
Southern District of New York other than the fact that Manhattan is where Plaintiff resides.  In
contrast, all meaningful connections are with Kings County: the alleged incident occurred there;
plaintiff was purportedly injured there; the arrest was processed there; District Attorney's records
are maintained there; and any other civilian or police witnesses are more likely located there.

Finally, the ninth factor – trial efficiency and the interests of justice – strongly
supports transfer given this action's nexus in the Eastern District.  Specifically, if all § 1983 cases

---

New York, S.D.N.Y. 07 CV 11467(VM) (Jan. 7, 2008) (action *sua sponte* transferred to Eastern District where
plaintiff resided in Brooklyn and events giving rise to action occurred in Brooklyn); Sylvia Burrus v. City of New
York, S.D.N.Y. 07 CV 5573 (RJS) (Dec. 29, 2007) (action transferred to Eastern District where most of the material
events, documents, persons, and potential witnesses were in the Eastern District).

against the City, or its agencies, could be brought in the Southern District regardless of the site of the underlying events, the individual parties and the witnesses, then all such cases would be brought in the Southern rather than the Eastern District given the perceived favorable climate of this district, and given that the Southern District generally awards a higher reasonable rate for attorneys' fees in § 1983 actions.  See, e.g. Lochren v. County of Suffolk, 2008 U.S. Dist. LEXIS 38100, *8-16 (E.D.N.Y., May 8, 2008) (comparing awards of attorney's fees awarded in the Southern and Eastern Districts).  Unless such forum shopping is constrained, these factors could create a huge imbalance in workload between the Southern and Eastern Districts in § 1983 cases against the City, or its agencies.  Therefore, under the totality of the circumstances, the balance of convenience and justice heavily favor transfer, and, in turn, defendants' motion to transfer should be granted.

## CONCLUSION

For the reasons set forth herein, defendants City, Captain Delgado and Police Office Schivek respectfully requests that this Court grant this motion, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the Eastern District of New York.

Dated:  New York, New York
    August 24, 20222

       SYVIA O. HINDS-RADIX
       Corporation Counsel of the City of New York
       *Attorney for Defendants City of New York, Captain*
       *Julio Delgado and Police Officer Justin Schivek*
       100 Church Street, Room 3-222
       New York, New York 10007
       (212) 356-2469
       jgoltche@law.nyc.gov

       By: *Jennifer Goltche*
       _____