UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
MATTHEW BREDDER, :
:
                   Plaintiff, :
:      22-CV-4293 (VSB)
        - against - :
:      **OPINION & ORDER**
:
THE CITY OF NEW YORK; NYPD :
CAPTAIN JULIO DELGADO; NYPD :
OFFICER JUSTIN SCHIVEK; and NYPD :
MEMBERS JOHN AND JANE DOES 1-6, :
:
                   Defendants. :
------------------------------------------------------------X

Appearances:

Elena Louisa Cohen
Remy Green
Cohen Green PLLC
Ridgewood, NY

Gideon Orion Oliver
Gideon Orion Oliver, Attorney at Law
New York, NY
*Counsels for Plaintiff Matthew Bredder*

Jennifer L. Goltche
New York City Law Department
New York, New York
*Counsel for Defendants City of New York, NYPD Captain Julio Delgado, NYPD Officer Justin Schivek*

VERNON S. BRODERICK, United States District Judge:

      Plaintiff Matthew Bredder filed this action against Defendants The City Of New York;

New York City Police Department ("NYPD") Captain Julio Delgado; NYPD Officer Justin

Schivek; and NYPD Members John And Jane Does 1-6 (collectively, "Defendants") claiming

unlawful seizure/false arrest, excessive force, violations of Plaintiff's First, Fourth, Fifth, Sixth,

and Fourteenth amendment rights under *Monell v. Department of Social Services,* 436 U.S. 658 (1978) and 42 U.S.C. § 1983, and multiple violations of New York State Constitution and New York State common law.  (Doc. 1.)  Plaintiff is a resident of New York County in the State of New York, (*id.* ¶ 1), and filed this action in the Southern District of New York ("Southern District") because "among other things, Plaintiff resides in this District, and the Defendant City's primary place of business is in this District," (*id.* ¶ 22).  Defendants move for a transfer of venue to the Eastern District of New York ("Eastern District") on September 1, 2022.  (Doc. 11.)  Plaintiff opposed this motion on September 15, 2022.  (Doc. 14.)  Although this action could have been brought in the Eastern District, I find that because the relevant factors do not support transfer, Defendants' motion to transfer is DENIED.

## I. Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis."  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006).  The party who brings the motion to transfer faces the burden of establishing by clear and convincing evidence that the transfer should occur.  *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010).

When deciding if a case should be transferred, courts in the Second Circuit may consider all materials they find compelling and are not restricted to only materials that would be admissible under the Federal Rules of Evidence.  *See, e.g., Freeplay Music, LLC v. Gibson Brands, Inc.*, 195 F. Supp. 3d 613, 617–18 (S.D.N.Y. 2016) (looking to representations made in

attorneys' letters as to location of witnesses); *Kaufman v. Salesforce.com, Inc.*, No. 20 Civ. 6879 (JPC) (SN), 2021 WL 2269552, at *5 (S.D.N.Y. June 3, 2021) (rejecting argument that a transfer analysis should not credit assertions made in a memorandum of law); *Baduria v. Sealift Holdings, Inc.*, 451 F. Supp. 3d 248, 256–57 (E.D.N.Y. 2020) (granting motion to transfer while relying on memoranda of law); *Alpha Indus., Inc. v. Alpha Clothing Co. LLC*, 21 Civ. 87 (KPF), 2021 WL 2688722, at *4 (S.D.N.Y. June 30, 2021) (crediting attorney declarations and memoranda of law in granting motion to transfer).

Courts follow a two-step process when evaluating motions to transfer. *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 394 (S.D.N.Y. 2006). "First, the court must determine whether the action sought to be transferred is one that might have been brought in the transferee court. Second, the court must evaluate . . . several factors relating to the convenience of transfer and the interests of justice." *Id*. (internal quotation marks omitted). These factors are:

> (1) the convenience of witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Ahrens v. CTI Biopharma Corp.*, 16 Civ. 1044 (PAE), 2016 WL 2932170, at *2 (S.D.N.Y. May 19, 2016) (quoting *Robertson v. Cartinhour*, No. 10 CIV. 8442 LTS HBP, 2011 WL 5175597, at *4 (S.D.N.Y. Oct. 28, 2011)); *see also New York Marine & Gen. Ins. Co.*, 599 F.3d at 112 ("Among the factors to be considered in determining whether to grant a motion to transfer venue are, inter alia: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel

3

the attendance of unwilling witnesses, and (7) the relative means of the parties." (internal quotation marks omitted)).

## II. Discussion

The parties do not dispute that jurisdiction would properly lie in the Eastern District. (*See* Doc. 12, at 3; Doc. 14, at 3.)  Consequently, the only issue is whether a balancing of the relevant factors supports transfer of this action.  I find that, on balance, the factors do not support transfer.

### A. Convenience of Witnesses

"Convenience of both the party and non-party witnesses is probably the single-most important factor in the analysis of whether transfer should be granted." *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 547 (S.D.N.Y. 2008) (citation omitted).  For a party to meet their burden in proving a transfer is required, they should "list the . . . witnesses on which [it] intends to rely in the transferee district, along with a general statement of the topics of each witness' testimony.'" *Command Arms Accessories, LLC v. ME Tech. Inc.*, 19 CIV. 6982 (LLS), 2019 WL 5682670, at *6 (S.D.N.Y. Oct. 31, 2019) (quoting *Editorial Musical Latino Americana, S.A. v. Mar Int'l Records, Inc.*, 829 F. Supp. 62, 66–67 (S.D.N.Y. 1993)).

Despite the potential importance of this factor, Defendants fail to submit a list of the witnesses they intend to rely on in the Eastern District.  However, Plaintiff also fails to identify specific non-party witnesses in the Southern District.  Therefore, I find that this factor is neutral since neither party identifies any non-party witnesses.  The only support that Defendants offer in favor of transferring is the threadbare assertion that "presumably, any witnesses, such as other police officers who may have witnessed the incident or civilians who may have been in the vicinity of the area in Brooklyn." (Doc. 12, at 6.)  However, Defendants fail to identify, state

the locations, or describe possible testimony of any such potential witnesses. A theoretical possibility that witnesses may live in Brooklyn is not sufficient to warrant transfer. Additionally, since the commands of the named Defendants are in the Southern District, it is possible that the same would apply to other NYPD officers who would serve as witnesses.

### B. Convenience of the Parties

This factor weighs against transfer. I note that "the fact that Plaintiffs' counsel has his office [in Manhattan] is not a factor for assessing venue," *Ashmid v. City of New York*, No. 16CV4276, 2016 WL 3906747, at *1 (S.D.N.Y. July 14, 2016), however the facts that Plaintiff is a resident of Manhattan, and both named Defendants are assigned to commands in the Southern District do favor maintaining the case in the Southern District. (Doc. 14, at 5.) Further, Defendants concede that "it cannot be said that it would be inconvenient for the plaintiff and individual police officer defendant and witnesses to appear in Manhattan." (Doc. 12.)

### C. Location of Relevant Documents and Relative Ease of Access

This factor is neutral. Defendants explain that because Plaintiff was arrested and processed in Brooklyn, all relevant documents would be located in Brooklyn. Although this argument has superficial appeal, it cannot withstand scrutiny. The fact that the Eastern and Southern District courthouses are a mere two miles apart has prompted judges in this District and the Eastern District to weigh this factor neutrally. *See e.g. Savarese v. City of New York*, No. 18 CIV. 5956 (ER), 2019 WL 2482387, at *7 (S.D.N.Y. June 13, 2019); *Smith v. Ouimet*, No. 16-CV-184 (JLC), 2016 WL 3020825, at *3 (S.D.N.Y. May 19, 2016); *Park v. McGowan*, No. 11-CV-3454 JG CLP, 2011 WL 6329797, at *4 (E.D.N.Y. Dec. 16, 2011). Further, relevant documents would most likely be maintained electronically. *See Marom v. City of New York,* No. 15-CV-2017 (PKC), 2017 WL 1437195, at *1 (S.D.N.Y. Apr. 21, 2017) (In ruling on a

discovery dispute, court states that an OLBS Arrest Report is created for each arrest. . . . [It] is a standardized NYPD form filled out electronically that includes a "DETAILS" section in which an officer sets forth a statement of facts regarding the conduct underlying the arrest, a field in which an officer indicates whether force was used during the arrest, and fields identifying other personnel who assisted in creating the Report. . . . OLPA Reports are digitally accessible documents that reflect the arrest processing steps an NYPD officer makes, listing the times and locations at which these steps were taken, and including such information as custody time, arraignment time, arraignment status, and lodging status/history."); *Nelson, v. Myrtle Beach Collegiate Summer Baseball League, LLC,* No. 3:12CV1655 JBA, 2013 WL 6273890, at *10 (D. Conn. Dec. 4, 2013) (considering the "location of relevant documents" factor neutrally where "Defendant fails to explain how police reports differ from all other documents in the digital age that can be easily produced in an electronic format."). In the digital age where documents can be transferred relatively simply, the situs of documents is largely irrelevant. *See Starr Indem. & Liab. Co. v. Brightstar Corp.*, 324 F. Supp. 3d 421, 441 (S.D.N.Y. 2018) ("In an era of electronic documents, easy copying and overnight shipping, this factor assumes much less importance than it did formerly." (internal quotation marks omitted)).

### D. Locus of Operative Facts

This factor weighs in favor of transfer. "To ascertain the locus of operative facts, courts look to the site of the events from which the claim arises." *Zaltz v. JDATE*, 952 F.Supp.2d 439, 460 (E.D.N.Y. 2013) (internal quotation marks omitted). The locus of operative facts in this case is in the Eastern District because that is where Plaintiff protested, was arrested, and processed. (*See generally* Doc. 1.) While some of the events supporting Plaintiff's *Monell* claim occurred in the Southern District, "[e]ngrafting a *Monell* claim does not authorize all actions involving

6

NYPD officers to proceed in the Southern District of New York." *Ashmid,* 2016 WL 3906747, at *1.  Accordingly, I find that this factor weighs in favor of transfer.

### E. Availability of Process to Compel Attendance of Unwilling Witnesses

This factor is neutral.  Under Fed. R. Civ. P. 45(c)(1), "[a] subpoena may command a person to attend trial" "within 100 miles of where the person resides, is employed, or regularly transacts business in person."  Plaintiff and all of the identified defendants work or reside within 100 miles of both the Southern and Eastern Districts and neither party identified any other witnesses.

### F. Relative Means of the Parties

This factor is also neutral.  Neither party argues that this factor favors either the Southern or Eastern Districts.

### G. Forum's Familiarity with Governing Law

Again, this factor is neutral and neither party argues that this factor should tip the scales.

### H. Weight Accorded the Plaintiff's Forum

"Motions to transfer should be evaluated from a strong baseline in favor of the plaintiff's choice of forum."  *Albright v. Terraform Labs, Pte. Ltd.,* No. 22-CV-07281 (JSR), 2022 WL 16985806, at *4 (S.D.N.Y. Nov. 15, 2022).  Plaintiff's choice of forum is ordinarily "a decision that is given great weight," *D.H. Blair & Co.*, 462 F.3d at 107.  Plaintiff's choice of forum clearly weighs in favor of the case not being transferred, given that the case was filed in the Southern District and Plaintiff has opposed Defendants' motion to transfer.  The cases that Defendants cite do not support a departure from granting deference to Plaintiff's choice of forum.  Unlike in *Cain v. New York State Bd. of Elections,* this case was not filed "in a district outside that in which the parties, witnesses, and sources of proof may be found."  630 F. Supp.

221, 227 (E.D.N.Y. 1986). In *McCain v. Rahal Letterman Racing, LLC*, the court only granted less weight to Plaintiff's choice of forum where, "the plaintiff does not reside in the district where he brought the case." No. 07 CIV. 5729 (JRS), 2007 WL 2435170, at *3 (S.D.N.Y. Aug. 27, 2007. Here, the Plaintiff does reside in the Southern District of New York. Therefore, I accord weight to Plaintiff's choice of forum, and this factor weighs against transfer.

### I. Trial Efficiency and Interests of Justice

This factor is neutral. No party makes any argument as to whether this action could be more expeditiously resolved in Manhattan or in Brooklyn. Defendants argue that the Southern District would face a disproportionate amount of § 1983 cases if all cases against New York City or its agencies are brought in the Southern District, rather than the site of the underlying events. This is a concern that has been recognized in this District. *See, e.g.*, *Ashmid*, 2016 WL 3906747, at *1 ("If that rationale were credited, civil-rights complaints against the City's police officers would always be filed in this forum, even when the alleged misconduct occurred elsewhere.") However, Defendants fail to offer evidence that this case would expose the courts to this risk, or evidence that Plaintiff is engaged in forum shopping.

### III. Conclusion

Most factors in this case are neutral. The strongest factor weighing in favor of the transfer is the fact that the protest, arrest, and processing occurred in the Eastern District. Although the locus of operative facts is in the Eastern District, this factor alone is insufficient to warrant a transfer of this case. "[T]he party requesting transfer carries the burden of making out a strong case for transfer, and to prevail, must make a clear and convincing showing that transfer is proper." *Bukhari v. Deloitte & Touche LLP*, No. 12 CIV. 4290 PAE, 2012 WL 5904815, at *2 (S.D.N.Y. Nov. 26, 2012) (internal quotations omitted). Because Defendants fail to make such a

showing, the case will not be transferred.

      For the reasons stated above, Defendants' motion to transfer is DENIED.

SO ORDERED.

Dated: March 31, 2023
      New York, New York

                                                Vernon S. Broderick
                                                United States District Judge